UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC ASUSTA, | Case No. 2:22-cv-01947-APG-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| CHARLES DANIELS, et al., | |
| Defendants. | |

On January 3, 2023, I screened plaintiff Isaac Asusta's complaint. ECF No. 3. I dismissed Asusta's Fourth Amendment, Fifth Amendment, and equal protection claims with prejudice, and I dismissed his due process claim without prejudice and with leave to amend. *Id.* at 9. Asusta has filed a motion for reconsideration and a motion for an extension to file an amended complaint. ECF Nos. 5, 6. Asusta asks that I reconsider dismissal of his Fifth Amendment, equal protection, and due process claims.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

/ / / /

### A. Fifth Amendment Claim

I dismissed Asusta's Fifth Amendment claim under the Takings Clause because the complaint did not allege that money was taken from Asusta's account for a public use. ECF No. 3 at 5-6. In his motion, Asusta argues that I should have construed the complaint as alleging that the money was for a public use because it was given to Parole and Probation, a public entity. ECF No. 2. But the question is not whether the money is given to a public entity, but rather whether it is used for a public purpose.

To explain the distinction, I note that when I grant Asusta's application to proceed in forma pauperis in this case, money will be taken from Asusta's account, and sent to this court, a public entity, to pay the $402 filing fee. The money will be sent to a public entity, but it will not be used for a public purpose. Rather, it will be used to satisfy Asusta's obligation to pay the $402 filing fee, a private purpose.

Similarly, if money is deducted from Asusta's account and transferred to Parole and Probation to pay off Asusta's restitution obligation, the money is not being used for a public purpose. Paying off Asusta's restitution obligation is a private purpose. Asusta alleged in the complaint, and again in his motion, that the money may not have been paid to any victim and may in fact have been embezzled by NDOC officials. ECF Nos. 1-1, 5. But even if this is true, the money has not been taken for public use, it has been stolen. Asusta does not allege any public use of the money in either the complaint, or his motion. Accordingly, I deny Asusta's request to reconsider regarding this claim. However, if Asusta believes that he can state a colorable claim under the Takings Clause in an amended complaint, I will consider the claim again when screening the first amended complaint.

/ / / /

**B. Equal Protection Claim**

I dismissed Asusta's equal protection claim because he did not allege he was treated differently from similarly situated individuals. ECF No. 3 at 6-7. In his motion, Asusta newly alleges that the defendants did not apply the policy regarding restitution equally to all inmates. ECF No. 5. Asusta also alleges that individuals who were sentenced to restitution but not prison time did not face the same restitution policies. *Id.*

New allegations that were not include in the complaint are not a basis to reconsider whether the complaint stated a colorable claim. Accordingly, I deny Asusta's request to reconsider dismissing his equal protection claim. However, if Asusta believes he can state a colorable equal protection claim in an amended complaint, I will consider the claim again when screening any first amended complaint.

In the interest of judicial efficiency, I note that Asusta, as a prisoner, is not similarly situated to individuals who are on parole. The allegation that prisoners and parolees are treated differently does not support a colorable equal protection claim because prisoners and parolees are not similarly situated. Furthermore, vague allegations that not all inmates were treated the same are not sufficient to state a colorable claim. In order to support a colorable claim, Asusta must allege specific facts supporting that a defendant or defendants treated him differently from similarly situated individuals.

**C. Due Process Claim**

I dismissed Asusta's due process claim because throughout the complaint he alleged that the Defendants were acting illegally and contrary to Nevada law, and Asusta cannot state a due process claim based on an unauthorized deprivation of property. ECF No. 3 at 7-8. In his motion, Asusta states that various Nevada regulations are in conflict. He appears to allege that the

defendants acted according to one statute, but that their actions were illegal under other statutes, and that based on a ruling from the Supreme Court of Nevada (the final arbiter of Nevada law) the defendants' actions are unconstitutional. ECF No. 5 at 4-5.

Based on the allegation that the Supreme Court of Nevada has found the defendants' actions to be illegal, the defendants actions were unauthorized, and Asusta must pursue any claim in state court. *See* Nev. Rev. Stat. § 41.0322 (setting forth guidelines for actions by persons in custody of the NDOC to recover compensation for loss or injury). Asusta appears to argue that this court is required to enforce Nevada law, as determined by the Supreme Court of Nevada. ECF No. 5 at 4-5. Asusta is mistaken. If Asusta is seeking to enforce Nevada law, he must bring his claims in Nevada state court. The question for this court is not whether the defendants violated Nevada law, but whether Asusta has a colorable due process claim. As I have already explained, an unauthorized deprivation of property does not give rise to a colorable due process claim. Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *See Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process").

I deny the request to reconsider dismissing Asusta's due process claim. However, if Asusta believes he can state a colorable due process claim in an amended complaint, I will consider the claim when screening any first amended complaint.

**D. Request for Extension**

Asusta asks for an extension of the deadline to file a first amended complaint. ECF No. 6 at 5. I will give Asusta until March 31, 2023 to file an amended complaint. As stated in my screening order, if Asusta fails to file an amended complaint by that deadline, this case will be dismissed for failure to state a claim.

### E. Conclusion

I therefore order that Asusta's motion for reconsideration **(ECF No. 5) is denied**.

I further order that Asusta's motion for an extension to file an amended complaint **(ECF No. 6) is granted**. Asusta shall file an amended complaint by **March 31, 2023**. If Asusta fails to file an amended complaint by March 31, 2023, this action will be dismissed for failure to state a claim.

Dated: January 30, 2023

_____
U.S. District Judge